IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**UNITED STATES OF AMERICA**,

                      Plaintiff,

v.

**MATTHEW SPAETH (06)**,

                      Defendant.

Case No. 14-20068-06-DDC

**MEMORANDUM AND ORDER**

Defendant Matthew Spaeth has filed a pro se[1] Motion to Reduce his sentence under Amendment 821 to § 4A1.1 of the United States Sentencing Guidelines. Doc. 627. The government filed a Response. Doc. 628. The court lacks jurisdiction and dismisses Mr. Spaeth's motion for the following reasons.

**I.   Background**

On September 20, 2016, Mr. Spaeth entered a guilty plea (Doc. 247) to possession with intent to distribute 50 grams or more of methamphetamine, violating 21 U.S.C. § 846. On December 13, 2016, a federal probation officer prepared a Presentence Investigation Report (PSR). Doc. 256. Based on the quantity of drugs attributed to defendant, 10.88 kilograms of methamphetamine mixture, the PSR determined that Mr. Spaeth had a base offense level of 34. *Id.* at 16 (PSR ¶ 52). The PSR added two points because Mr. Spaeth possessed a firearm in connection with the instant offense. *Id.* (PSR ¶ 53). And it added another two points because

---

[1] Because defendant proceeds pro se, the court construes his filings liberally. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."). But, defendant's pro se status does not excuse him from complying with the court's rules or facing the consequences of noncompliance. *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994).

agents identified that the methamphetamine involved in the drug trafficking conspiracy had originated in Mexico. *Id.* (PSR ¶ 54). The PSR deducted three points because Mr. Spaeth accepted responsibility and timely notified authorities of his intent to enter a plea. *Id.* (PSR ¶¶ 60–61). Based on the 2016 Guidelines Manual, Mr. Spaeth had a total offense level of 35. *Id.* (PSR ¶ 62).

Mr. Spaeth's criminal history produced four criminal history points. Because Mr. Spaeth committed the instant offense while under a criminal justice sentence, the PSR added two more points, bringing Mr. Spaeth's criminal history points to six, and establishing a criminal history category of III. *Id.* at 23 (PSR ¶¶ 87–89). The relevant sentencing statutes require a minimum imprisonment of 10 years if a defendant is found guilty of conspiracy to possess with intent to distribute 50 grams or more of methamphetamine. 21 U.S.C. §§ 841(b)(1)(A), 846. "Based upon a Total Offense Level of 35 and a criminal history category of III, the guideline imprisonment range [was] 210 to 262 months." *Id.* at 28 (PSR ¶ 123). The parties' binding plea agreement recommended a sentence below the advisory guideline range: 180 months and five years of supervised release. Doc. 247 at 3 (Plea Agreement). On January 9, 2017, the court accepted the Plea Agreement and sentenced Mr. Spaeth as requested by that Agreement, *i.e.*, imprisonment for 180 months and five years of supervised release. Doc. 260 at 2–3.

Mr. Spaeth asserts that Amendment 821 to § 4A1.1 of the United States Sentencing Guidelines applies to his January 2017 sentence and reduces his criminal history points. Doc. 627 at 1. The court addresses Mr. Spaeth's motion, but first, recites the governing legal standard.

## II.     Legal Standard

"Unless the basis for resentencing falls within one of the specific categories authorized by section 3582(c), the district court lack[s] jurisdiction to consider [defendant's] request."

*United States v. Smartt*, 129 F.3d 539, 541 (10th Cir. 1997).  Section 3582(c) of Title 18 of the United States Code grants the court the authority to modify a sentence in just three scenarios:

>  (1)  on motion of the Director of the Bureau of Prisons if special circumstances exist;
>
>  (2)  if otherwise expressly permitted by statute or Federal Rule of Criminal Procedure 35; or
>
>  (3)  if the sentencing range is subsequently lowered by the Sentencing Commission.

*United States v. Sharkey*, 543 F.3d 1236, 1239 (10th Cir. 2008).  Mr. Spaeth asks the court to modify his sentence based on the third circumstance—a subsequent change in the sentencing range.  Doc. 627.

Effective November 1, 2023, Part A of Amendment 821 limits the effect of criminal history points, or "status points."  U.S. Sent'g Guidelines Manual § 4A1.1(e) (U.S. Sent'g Comm'n 2023).  The amendment replaced § 4A1.1(d), which had required a two-point increase for offenses committed while defendant served a criminal justice sentence, with a modified § 4A1.1(e), which requires a one-point increase if defendant received seven or more points in previous subsections and "committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status."  *Id.* !!!

**III.     Analysis**

Here, Mr. Spaeth received four criminal history points.  The PSR added two additional points because Mr. Spaeth committed the instant offense while under a criminal justice sentence, bringing Mr. Spaeth's total criminal history points to six.  Under Amendment 821, Mr. Spaeth would receive no points for committing the offense while under a criminal justice sentence, resulting in a total criminal history of four.  But this new count of criminal history points doesn't

3

change Mr. Spaeth's sentencing range.  A criminal history score of four or six both place Mr. Spaeth in criminal history category III.  In short, the changes applied by Amendment 821 to § 4A1.1 don't reduce to Mr. Spaeth's criminal history category.

Because Mr. Spaeth's sentencing range remains unchanged, his request doesn't fall under 18 U.S.C. § 3582(c)(2).  The court thus lacks jurisdiction and must dismiss Mr. Spaeth's motion (Doc. 627).  *See United States v. Whittaker*, 777 F. App'x 938, 940 (10th Cir. 2019) (remanding for district court to dismiss motion to reduce sentence for lack of jurisdiction because defendant didn't qualify for a reduction under § 3582(c) (first citing *United States v. White*, 765 F.3d 1240, 1250 (10th Cir. 2014) ("[D]ismissal for lack of jurisdiction rather than denial on the merits is the appropriate disposition of [defendant's] § 3582(c)(2) motion."); then citing *United States v. Graham*, 704 F.3d 1275, 1279 (10th Cir. 2013) (concluding "dismissal rather than denial is the appropriate disposition" when sentence reduction is not authorized by § 3582(c)(2)))); *see also United States v. Linthicum*, No. 16-10024, 2024 WL 1579785, at *1 (D. Kan. Apr. 11, 2024) (dismissing Amendment 821 motion to reduce sentence when defendant's criminal history points decreased but his criminal history category remained unchanged).

## IV.     Conclusion

The court is without jurisdiction to consider Mr. Spaeth's current motion.  Thus, the court dismisses Mr. Spaeth's motion for lack of jurisdiction.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Spaeth's Motion to Reduce Sentence (Doc. 627) is dismissed without prejudice.

**IT IS SO ORDERED.**

**Dated this 17th day of July, 2024, at Kansas City, Kansas.**

                                                **s/ Daniel D. Crabtree**
                                                **Daniel D. Crabtree**
                                                **United States District Judge**